UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALISON GEORGE, *individually and on behalf of those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; *and* JOHN DOES 1 TO 10, <br><br> Defendants. | Docket No.: 18-cv-15830 <br><br> OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

**THIS MATTER** comes before the Court on a Motion to Compel Arbitration filed by Defendants Midland Funding, LLC and Midland Credit Management (together, "Midland"). ECF No. [14]. There was no oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below the Motion is **GRANTED**.

### I.  BACKGROUND

#### A.  Allegations in the Amended Complaint

Plaintiff Alison George ("Plaintiff") brings this putative class action against Midland for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. ECF No. [1]. ¶ 1. Plaintiff allegedly incurred personal debts on a Citibank Sears credit card that became past due and in default. *Id.* ¶¶ 22–24. The debts were subsequently "assigned, placed, transferred or sold" to Midland for collection. *Id.* ¶ 25. To collect the debts, Midland sent two letters to Plaintiff which allegedly contained a "false threat of interest" accruing on the amount of the stale debt. *Id.* ¶¶ 28–31. Plaintiff alleges that these letters stated that she had a "current balance" of $6,483.88 and deceptively created the false impression that interest and fees she agreed to under the Terms and Conditions of her Citibank Sears credit card agreement ("Agreement") were accruing on the "balance." In reality, Plaintiff's debt had been purchased from Citibank by Midland and no further interest or fees were accruing.

Plaintiff alleges that these letters were deceptive given "Plaintiff's understanding and belief that, under the terms and conditions applicable to her use of the Account, interest, late charges, and other charges and fees (such as annual fees) could accrue." *Id.* ¶ 30. In addition, Plaintiff also alleges that the letters contained additional violations of the FDCPA because they failed to disclose that Plaintiff had no legal liability as to the stale debt because any legal action would be barred by the statute of limitations. *Id.* ¶¶ 44–49. Plaintiff attaches to her complaint copies of the letters she received, but she does not attach a copy of the credit card agreement with Citibank or any documents related to Defendants' eventual purchase of her stale debt.

Based on these allegations, Plaintiff asserts a single claim for violation of the FDCPA and proposes to represent two subclasses of New Jersey residents receiving similar collection letters from Midland. *Id.* ¶ 74.

### B.   Arguments of the Parties

Defendants move to compel arbitration and dismiss this action. ECF No. [14]. The Agreement contains an arbitration clause, and Defendants assert that Plaintiff's claims arise from debts incurred pursuant to the Agreement. ECF No. [14-7] at 9-12. In support of that contention, Defendants submit a declaration from Sean Mulcahy, an employee of Midland, which attaches several documents related to Midland's purchase of Plaintiff's delinquent account. ECF Nos. [14-2] & [14-3]. Defendants also attach a second declaration of William Peck, a Citibank employee, who avers that "a notice of change and amended card agreement, setting forth new applicable terms and conditions for the account, was mailed to Plaintiff" and that he "believes that [certain handling and quality control procedures] were in effect and being followed, at all relevant times. ECF No. [14-6] ¶ 11. Peck's declaration attaches a "true and correct copy of the new card agreement mailed to Plaintiff in connection with the Account." *Id.*; *see also* ECF No. [14-7] ("Agreement"). The Agreement's arbitration clause reads, in relevant part:

> *PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.* IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.
>
> . . .
>
> **What Claims are subject to arbitration?** All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including claims regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision. All Claims are subject to arbitration, no mater what legal theory they are based on or what remedy . . . they seek. . . . Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.
>
> **Whose claims are subject to arbitration?** Not only ours and yours, but also Claims made by or against anyone connected with us or you or claiming through us or such as . . . [an] affiliated company, predecessor or successor, heir, [or] assignee . . . ."
>
> . . .

> **What about debt collections?** We and anyone to whom we assign your debt will not initiate an arbitration proceeding to collect a debt from you unless you assert a Claim against us or our assignee. We and any assignee may seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including in a proceeding to collect a debt . . . ."
>
> . . .
>
> **Who can be a party?** Claims must be brought in the name of an individual person or entity and must proceed on an individual (non-class, non-representative) basis. The arbitrator will not award relief for or against anyone who is not a party. If you or we require arbitration of a Claim, neither you, we, nor any other person may pursue the Claim in arbitration as a class action, private attorney general action or other representative action, nor may such Claim be pursued on your or our behalf in any litigation in any court. Claims, including assigned Claims, of two or more persons may not be joined or consolidated in the same arbitration…

Based on this provision and the assignment contract, Defendants argue that the Court should apply the standard under FRCP 12(b)(6), find that the Federal Arbitration Act ("FAA") requires enforcement of the arbitration provision found in the Agreement and compel arbitration.

In opposition, Plaintiff argues that the Court should deny the motion to compel arbitration and allow Plaintiff to request limited discovery on the question of arbitrability because it is not apparent from the face of Plaintiff's complaint or the documents attached to it that this action is governed by an enforceable arbitration agreement. ECF No. [16] at 1–3. Plaintiff specifically notes that it was Defendants, and not Plaintiff, who supplied a copy of the Agreement and that Plaintiff does not reference the arbitration provision in her complaint. Plaintiff further argues that after limited discovery, the Court should review any renewed motion to compel arbitration under FRCP 56. Plaintiff does not argue, however, that Plaintiff is not subject to the Agreement or its arbitration provision.

On reply Defendants argue that because Plaintiff refers to the "terms and conditions" of an Agreement, the complaint references the Agreement sufficient to review the Agreement under the standard of Rule 12(b)(6) and find that arbitration is required. ECF No. [17].

## II.     DISCUSSION

### A. Applicable Standard on a Motion to Compel Arbitration

Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. "In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review." *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

> [W]here the complaint does not establish with clarity that the parties have agreed to arbitrate . . . , a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and,

if necessary, further development of the factual record. In such circumstances, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. Afterwards, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a Rule 56, summary judgment standard.

*Id.* (citations omitted). Here, Defendants argue that "[t]his [M]otion should be decided under a 12(b)(6) standard without the delay of discovery because it is apparent from the face of the Complaint and documents relied on in the Complaint that Plaintiff's claims are subject to an enforceable arbitration agreement." ECF No. [17] at 3. While Plaintiff did not attach a copy of the Agreement to her complaint, Plaintiff allegations and theory of liability turn on the "terms and conditions" of the Agreement and her understanding of those terms and conditions. *See* ECF No. [1]. In fact, Plaintiff's legal theory is inextricably linked from the Agreement because it is premised on Defendants' alleged deceptive statements that the interest and fees Plaintiff understood to be applicable under the Agreement would still accrue on the stale debt.

While there is a division of authority in this District in determining whether an agreement to arbitrate has been incorporated by reference based on Plaintiff's allegations, here the Court is satisfied that it is. *See e.g.*, *Albany Cty. Fasteners v. Epicor Software Corp.*, No. CV1817214SDWLDW, 2019 WL 397986, at *2 (D.N.J. Jan. 31, 2019) (noting "[t]hough the Agreement is not attached to the Complaint, it is referenced throughout same" and applying 12(b)(6)). Plaintiff's theory of liability relies on the Agreement and that Agreement contains the subject arbitration provision. Moreover, Plaintiff does not argue that she never received the Agreement, that it is not binding on her, or that she does not reference its terms in her complaint. *Cf. Tailor v. Midland Funding, LLC*, No. 218CV11320SDWSCM, 2019 WL 494622, at *4 (D.N.J. Feb. 7, 2019), *report and recommendation adopted*, No. 18-11320 (SDW)(SCM), 2019 WL 943520 (D.N.J. Feb. 25, 2019); *Tailor v. Rushmore Serv. Ctr.*, LLC., No. 18-CV-13698, 2019 WL 518543, at *1 (D.N.J. Feb. 11, 2019); *Torres v. Rushmore Serv. Ctr., LLC*, No. CV189236SDWLDW, 2018 WL 5669175, at *1 (D.N.J. Oct. 31, 2018); *Nicasio v. Law Offices of Faloni & Assocs.*, LLC, No. 2:16-0474 (WJM), 2016 WL 7105928, at *1 (D.N.J. Dec. 5, 2016). Accordingly, the Court evaluates this Motion to Compel Arbitration under the standard articulated under FRCP 12(b)(6) and need not order additional discovery regarding arbitrability. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013).

### B. Compelling Arbitration

Federal policy strongly favors arbitration. *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177-78 (3d Cir. 2010). Indeed, the "[FAA] reflects an 'emphatic federal policy in favor of arbitral dispute resolution.' " *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (citations omitted). In considering the validity of an arbitration agreement, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). As such, a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an

interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

Before compelling arbitration pursuant to the FAA, a court must determine that "(1) there is a valid agreement to arbitrate between the parties and, if so, (2) [that] the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (citations omitted). Here, the Agreement broadly incorporates any claim related to the Agreement, including claims asserted against debt collectors or assignees like Defendants. The Agreement further contains a class action waiver and requires any questions related to arbitrability and the enforceability of the arbitration agreement must be resolved in arbitration. The Court is satisfied that there is a valid agreement to arbitrate and that it covers the claims alleged in the complaint. *Guidotti.*, 716 F.3d at 774. The Court thus grants Defendants' Motion.

### III.     CONCLUSION

For the reasons stated above, Defendants' Motion to Compel Arbitration and Dismiss the Complaint, ECF No. [14], is **GRANTED**. An appropriate order follows.


                                             */s/ William J. Martini*
**Dated: June 25, 2019**            **WILLIAM J. MARTINI, U.S.D.J.**